# United States District Court, Northern District of Illinois

**ORIGINAL**

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7672 | **DATE** | 2/22/2001 |
| **CASE TITLE** | Kenneth W. Williams vs. Wal-Mart Stores, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for leave to file a first amended complaint [26-1] to add a claim for intentional infliction of emotional distress is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 3 2001 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 2/22/2001 | |
| | | | date mailed notice | |
| DK | courtroom deputy's initials | 01 FEB 22 PM 5:07 | DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
FEB 23 2001

| | |
|---|---|
| KENNETH W. WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 C 7672 |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | Magistrate Judge Morton Denlow |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Kenneth W. Williams ("Williams" or "Plaintiff") moves to amend his age discrimination complaint against Wal-Mart Stores Inc. ("Wal-Mart" or "Defendant") to include the state tort claim of intentional infliction of emotional distress ("IIED Claim"). Plaintiff filed his original complaint against Defendant on November 24, 1999, for violations of the Age Discrimination in Employment Act ("ADEA") and a pendent breach of employment contract claim. Defendant contends the true reason for Plaintiff's termination was acts of sexual harassment committed by Plaintiff against female employees. In Count III of his proposed amended complaint, Plaintiff claims Wal-Mart intentionally caused him to suffer from severe emotional distress and mental anguish by engaging in extreme and outrageous conduct by willfully and wantonly discriminating against him based on his age and by perpetuating a falsehood that Williams engaged in sexual harassment of another Wal-Mart employee. On January 31, 2001, oral arguments were heard regarding the motion to amend. For the reasons set forth herein, Plaintiff's motion to amend complaint is denied.

35

## I. BACKGROUND

In October 1994, the Plaintiff began working for Defendant as a full-time stock person. (Comp. ¶ 5). In November 1998, Williams was promoted to assistant manager and held this position until May 7, 1999. (Comp. ¶ 5). On that date, the District Manager, Mark Hagood ("Hagood"), approached the Plaintiff and notified him that he was being terminated for "inappropriate conduct" based upon information Hagood had gathered from other employees about Williams' conduct at a company dinner party the evening before. (Pl. Dep. at 18)[1]. Specifically, it is alleged that Williams had made comments to female employees of a sexual nature and that Plaintiff had requested another employee to take a picture of him "bending over a girl." (Pl. Dep. at 25-26). Wal-Mart claims three female employees made statements that Plaintiff had engaged in the sexual harassment of other female employees. (Pl. Dep. at 31). Williams denies saying anything sexually harassing and denies asking to have the picture taken. (Pl. Dep. at 26).

Williams filed a charge with the EEOC alleging he was terminated due to his age. (Pl. Dep. at 35). Plaintiff alleges comments concerning his age were made by Hagood and other Wal-Mart employees on several occasions. (Pl. Dep. at 40). Wal-Mart responded to Plaintiff's ADEA claim by asserting its true reason for termination was based upon the Plaintiff's conduct as a sexual harasser.

---

[1] The Court advised the parties that it would consider Plaintiff's deposition in considering Plaintiff's claim of intentional infliction of emotional distress.

2

Williams claims Wal-Mart's accusations regarding him being a sexual harasser caused him a great deal of humiliation. (Pl. Dep. at 96). Upon visiting other Wal-Mart stores he was confronted by employees he knew inquiring about his termination for sexual harassment. (Pl. Dep. at 96-97). Plaintiff claims the embarrassment and humiliation has caused him to have anxiety, nervousness, stomach problems, headaches, sleeplessness, ulcers, and has caused him to smoke again. (Pl. Dep. at 98, 100).

## II. STANDARD FOR AMENDING COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure states in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...

Fed.R.Civ.P.15(a).

Leave to amend is generally "freely given as justice requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 229 (1962). This mandate must be heeded to enable the plaintiff to test a claim on its merits when the underlying facts relied upon by the plaintiff are a proper subject of relief. *Id.* However, the right to amend a complaint is not absolute. *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991). An amendment is inappropriate when there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City*

*of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). The determination of whether to grant an amendment is within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

### III. ANALYSIS

The Plaintiff seeks to amend his complaint by adding a common law IIED Claim. The Defendant contends this Court lacks subject matter jurisdiction over Plaintiff's IIED Claim, pursuant to the dictates of the Illinois Human Rights Act ("IHRA"), because the IHRA precludes a state tort cause of action that is inextricably linked with the ADEA cause of action.

The analysis of whether the IHRA precludes this Court from adjudicating common law tort claims related to allegations of age discrimination begins with the statute. The IHRA provides in relevant part:

> Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.

775 ILCS 5/8-111(C).

The Illinois Supreme Court has stated "if a common law action is in essence one which seeks redress for a 'civil rights violation' as defined by the Act and there is no basis for the action other than the Act, the . . . court lacks jurisdiction to adjudicate the claim." *Geise v. Phoenix Comp. Of Chicago, Inc.*, 159 Ill.2d 507, 516, 639 N.E.2d 1273, 1276 (1994). However, the Act does not preclude the court from exercising jurisdiction over all

4

state tort claims factually related to a civil rights violation. *Maksomovic v. Tsogalis,* 177 Ill.2d 511, 516, 687 N.E.2d 21, 23 (1997).[2] The legislative language of the Act does not demonstrate a plain and clear intent to abrogate the common law, and such an intent will not be presumed. *Id.* at 518. Rather, whether a court may exercise jurisdiction over a tort claim depends upon whether the tort claim is "inextricably linked" to the civil rights violation such that there is no independent basis for the action apart from the Act itself. *Id.* at 517. If the tort claim is so linked, the complaint cannot be amended to include the state tort claim. To ascertain whether a common law claim is "inextricably linked" to the discrimination claim, it must be determined whether the plaintiff has alleged the elements of each common law claim "without reference to the legal duties created by the IHRA." *Westphal v. City of Chicago,* 8 F.Supp.2d 809, 812 (N.D. Ill.1998). The pendent state law claim must sound primarily on the tort claim, independent of the civil rights law. *Rapier v. Ford Motor Co.,* 49 F.Supp.2d 1078, 1080 (N.D. Ill. 1999).

In *Maksimovic,* the court held plaintiff's separate state tort actions for assault, battery, and false imprisonment could be adjudicated with the civil rights claim because such tort claims are long recognized tort actions which exist "wholly separate and apart" from a civil rights cause of action; and in addition, the plaintiff alleged the elements of each tort without reference to legal duties created by the Act. *Id.* at 517. Therefore, the court held the plaintiff

---

[2]The case law developed through the Illinois Supreme Court cases *Geise* and *Maksomovic* have been followed by decisions in the United States District Court, Northern District of Illinois. *Westphal v. City of Chicago,* 8 F.Supp.2d 809 (N.D. Ill. 1998); *Ratley v. City of Aurora,* 1998 WL 30697 (N.D. Ill. 1998).

established a basis for imposing liability on the defendant independent of the Act and the tort claims were not "inextricably linked" to the civil rights violation.

In the present case, Plaintiff alleges Defendant "intentionally caused [him] to suffer from severe emotional distress and mental anguish by engaging in extreme and outrageous conduct by willfully and wantonly discriminating against [him] based on his age." (Am. Comp. ¶ 17). The emotional distress, as it pertains to age discrimination, is clearly barred because it relates directly to the Plaintiff's age discrimination claim. *Murphy v. Village of Hoffman Estates*, 1999 WL 160305 (N.D. Ill.). They are inextricably linked and the complaint cannot be amended to include this part of the allegations.

The Plaintiff also alleges the Defendant intentionally caused him to suffer severe emotional distress and mental anguish by engaging in extreme and outrageous conduct by "perpetuating a falsehood that [Plaintiff] engaged in sexual harassment of another Wal-Mart employee." (Am. Comp. ¶ 17, 18). Defendant argues this portion of Plaintiff's claim is preempted by the IHRA because it is directly linked to its defense regarding Plaintiff's ADEA claim. The Court agrees. The Defendant's reason for terminating the Plaintiff, namely sexual harassment, arises out of a defense to Plaintiff's ADEA claim. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742 (1993).

In discrimination claims, the complainant carries the initial burden of establishing a prima facie case of discrimination against the defendant. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). Once a prima facie case has been

shown there is an inference that discrimination by the defendant took place. *Id.* Once the plaintiff establishes its prima facie case, a burden of production shifts to the defendant to produce evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, non-discriminatory reason. *Id.* The Supreme Court has applied the *McDonnell Douglas* burden shifting framework in ADEA cases. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2105, (2000).

Therefore, in the present case, the Defendant's allegations of sexual harassment are a defense that directly arises out of the original age discrimination claim raised by the Plaintiff. The Defendant is entitled to explain its reasons for termination, and sexual harassment is the reason offered. The Plaintiff's IIED Claim is dependent upon his age discrimination claim.

## IV. CONCLUSION

**Plaintiff's motion for leave to file a first amended complaint to add a claim for intentional infliction of emotional distress is denied because it is inextricably linked to Plaintiff's age discrimination claim.**

**SO ORDERED THIS 22nd DAY OF FEBRUARY, 2001.**

_Morton Denlow_
**MORTON DENLOW**
**United States Magistrate Judge**

7

**Copies mailed or delivered to:**

Vincent D. Pinelli
Lawrence E. Flood
David H. Friess
Burke Burns & Pinelli, Ltd.
Three First National Plaza, Suite 3910
Chicago, IL 60602
Attorneys for the Plaintiff

Gregory D. Muzingo
Pamela D. Connolly
Wal-Mart In-House Litigation Team
702 S.W. 8th Street
Bentonville, Arkansas 72716-8313

William J. Holloway
Hinshaw & Culbertson
222 North LaSalle Street Suite 3000
Chicago, Illinois 60601
Attorneys for the Defendant